UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Coins N' Things, Inc., <br><br>          Plaintiff, <br>   v. <br><br> United States Postal Service, <br><br>          Defendant. | Civil Action No. |

## COMPLAINT

### INTRODUCTION

This action is in the nature of an appeal of a deficiency assessment by Defendant, United States Postal Service ("Defendant" or "USPS") against the Plaintiff, Coins N' Things, Inc. ("Plaintiff" or "CNT") for allegedly underpaid Registered Mail postal fees for contents insurance and special handling the USPS never provided.

### PARTIES

1. Plaintiff Coins N' Things, Inc. ("CNT") is a Massachusetts corporation with a principal place of business at 350 Bedford Street, Bridgewater, Massachusetts 02324. CNT deals in precious metals and regularly ships merchandise from its secured facility.

2. Defendant United States Postal Service ("USPS" or the "Service") was established by the Postal Reorganization Act of 1970, 39 U.S.C. §§201, 3626, as an independent establishment of the executive branch of the Government of the United States. USPS provided postal services to CNT from the Bridgewater Post Office and from an on-site satellite unit established by the USPS within CNT's secured facility.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1339 and 39 U.S.C. §409.

## TRAVEL

4. On July 27, 2015 a final agency decision by the USPS asserting a $225,826 deficiency assessment against CNT was issued by letter (**Exhibit A**) but voluntarily rescinded after Plaintiff initiated Civil Action No. 1:15-cv-13377 MPK ("The first action"). **Exhibit B** (without Exhbits).

5. The rescission rendered this first action moot so CNT agreed to voluntarily dismiss before an Answer was filed. **Exhibit C.**

6. In an April 3, 2017 letter to CNT's counsel, the USPS tried to revive the dormant matter with an apology "for the delay in getting back to you." See **Exhibit D**.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff CNT has exhausted its administrative remedies by appealing to the manager of USPS's HQ Revenue and Compliance in Fort Worth, Texas, which was denied by the Manager of Pricing and Classification for USPS. See Final Agency decision dated November 9, 2017. **Exhibit E**.

## FACTS

8. Prior to 2008, CNT generated so much business for the USPS that the Postal Service established a satellite office within CNT's secured facility.

9. CNT personnel had daily contact with employees of the USPS.

10. CNT regularly shipped its parcels of precious metals with nominal declared values of either of $100.00 or $1,000.00 notwithstanding that the actual values were typically higher.

11. Employees of the USPS were fully aware of this practice, confirmed and ratified its legitimacy and acquiesced in the longstanding practice of undervaluing the contents.

12. The USPS issued insurance only up to the declared values of the packages.

13. When it deemed it necessary, CNT applied for outside private insurance for packages of substantial value.

14. There were also instances when CNT declared actual values to the USPS for insurance purposes.

15. Service employees at all levels, including regional managers, consistently communicated to CNT that the value required to be declared on packages shipped by Registered Mail was based solely on the level of insurance coverage sought.

16. Prior to the USPS providing CNT "on-site" service, CNT delivered packages at the Bridgewater Post Office daily.

17. CNT sent over 3,000 packages, declaring nominal values of $100.00 or $1,000.00, no matter their weight, which service employees used to calculate the postage required for each article.

18. CNT listed these values on sheets it was required to complete, which postal workers signed off on each day, clearly showing the nominal values reported and no values indicated for the "insured value" column.

19. CNT generally used private insurance (there were some instances where CNT sought insurance coverage from the USPS and, in those instances, declared the higher actual value of the merchandise shipped) to cover its losses on Registered Mail packages and did not wish to purchase postal insurance.

20. The USPS's employees at the Bridgewater post office, including Postmaster Heather Spencer, unquestionably knew that all packages being shipped did not contain items valued at either $100.00 or $1,000.00, regardless of weight.

21. High level specialists from the USPS engaged CNT in negotiations over a five-month period for on-site acceptance and the use of armed guards given the high values of items that CNT was shipping, specifically discussing the required values that CNT would need to declare to make the arrangement profitable for the USPS.

22. The Service sent three of its employees at various times to CNT's offices to negotiate a contract including Joanne Smith, Sales Specialist based in Brockton, Massachusetts, Richard Moskal, Operations Integrations Specialist based in Springfield, Massachusetts, and Jane Larson, Manager, Business Development Team, Southeast New England District.

23. The Service agreed to provide armed police to accompany packages CNT sent out daily, as CNT had disclosed that its packages were worth millions of dollars.

24. The USPS, wishing to take advantage of this unique business opportunity, indicated through its three negotiators that declared values had to be at least $1,000.00 for the USPS to provide on-site acceptance.

25. Neither these agents nor any other representative of the USPS prior to May 4, 2009 required CNT to declare the actual value for its packages.

26. Although the USPS negotiating team attempted to obtain higher nominal values by seeking a declared value of $3,000.00 per package, no suggestion was made to declare actual values which were far greater.

27. CNT confirmed through several sources at the USPS that no law required postal customers to list the full value of the item being mailed when shipping domestically with Registered Mail. *See, e.g.,* **Exhibit F**.

28. In March of 2009 the Postal Inspector issued a *subpoena duces tecum* for CNT'S records

related to Registered Mail for the period December 1, 2007 to the then present including but not limited to

> "1. Records of mailings, mailing transaction logs, packing slips, Registered Numbers and Article Numbers.
> 2. Customer account records, customer billing records, purchase orders, billing statements, product inventory records that relate to, or are associated with, any and all Registered Mailings made through the U.S. Postal Service."

29. In May 2009 CNT received a letter dated May 4, 2009 from USPS's Southeastern New England's District Manager stating that declarations of full value were required.  **Exhibit G.**

30. CNT complied with the subpoena on July 24, 2009.  **Exhibit H**.

31. In the meantime, CNT sought clarification of the USPS's May 4, 2009 statement regarding the declaration of actual value.  **Exhibit I**.

32. On July 28, 2009 CNT agreed to comply with the USPS's interpretation under protest with a full reservation of its rights.  **Exhibit J**.

33. By letter dated November 13, 2013 from Robert L. Madrid, HQ Revenue & Compliance, a deficiency assessment of $225,826.20 was asserted for the period December 1, 2007 through February 28, 2009.  **Exhibit K**.

34. On January 10, 2014 CNT by letter to Mr. Madrid outlined multiple grounds for appeal and reversal.  **Exhibit L**.

35. The USPS through Charles M. Tricamo, Manager of the Greater Boston District, denied CNT's appeal on July 27, 2015, withdrew the assessment in October 2015, nearly two years later asked for more documents from 2007 to 2009 which were unavailable, and then reinstated the deficiency assessment.  **Exhibit A**.

## COUNT I

### Equitable Estoppel

36. Plaintiff CNT repeats and incorporates allegations of 1 through 35 above as if fully set forth herein.

37. At all times pertinent to this action the USPS was fully aware that CNT was using nominal values for its Registered Mail.

38. The USPS encouraged and acquiesced in these undervalued declarations so that it could secure lucrative Registered Mail shipping business from CNT knowing that CNT would rely on the representations and assurances by the USPS that actual value was not required.

39. It was CNT's reasonable belief that declarations of actual values were not required based on affirmative representations made by the USPS and its own independent investigation.

40. CNT reasonably relied on the conduct of the USPS in maintaining its practice of declaring nominal values for its packages.

41. As a direct and proximate result of the USPS's acts, omissions, representations, assurances, acquiescence and encouragement, Plaintiff CNT has suffered substantial damages.

42. The USPS has unfairly prejudiced CNT by materially delaying its final agency decision causing the Plaintiff to be disadvantaged by the retirement or loss of key personnel who would be material witnesses and the loss of documentary evidence.

43. The USPS has unfairly prejudiced CNT by its arbitrary attempt to reinstate a prior withdrawn final decision after 27 months in an apparent move to capture additional

unwarranted interest against CNT.

44. The USPS' supplemental request for documents and analysis was unreasonable, was unduly burdensome and in large part irrelevant.

WHEREFORE, Plaintiff CNT requests judgment against Defendant USPS, enjoinment and reversal of the deficiency assessment, and an award of its reasonable attorneys' fees and costs incurred in this action.

## COUNT II

### Administrative Appeal

45. Plaintiff CNT repeats and incorporates allegations of 1 through 44 above as if fully set forth herein.

46. Defendant USPS's findings of fact in its November 13, 2013 deficiency assessment letter and its November 9, 2017 denial of appeal failed to give reasoned consideration to all the material facts and issues.

47. The methodology employed by the Defendant was based on hypothetical average values, and extrapolated lost fees that were never earned for services that were never rendered.

48. The USPS's calculation erroneously assumes that all merchandise shipped by CNT was done so through USPS Registered Mail when in fact a portion of their shipments were made by private carrier such as Federal Express, which the USPS calculations did not consider.

49. Exclusion of the private carriers skews the USPS's averaging methodology and its conjectural lost revenue for insurance it never provided.

50. Another mathematical flaw is the USPS's approach failed to account for the instances when CNT declared full value.

51. The USPS's conclusions are not rationally supported.

WHEREFORE, Plaintiff CNT requests judgment against Defendant the USPS, enjoinment and reversal of the deficiency assessment, and an award of its reasonable attorneys' fees and costs incurred in this action.

## COUNT III

### Unjust Enrichment

52. Plaintiff CNT repeats and incorporates allegations of 1 through 51 above as if fully set forth herein.

53. Payment by CNT to USPS for insurance coverage that the USPS did not provide would constitute unjust enrichment to the USPS to the detriment of CNT.

54. The fees charged by the USPS do not approximate services provided to CNT, which would not have had its claims honored by the USPS and did not receive special handling based on value for its articles.

55. The fees sought by the USPS do not fairly match the use of services by CNT.

56. The USPS seeks to charge CNT for handling based on the actual value of the articles that CNT mailed, despite the fact the USPS did not provide CNT's articles with special treatment based on their actual values.

57. USPS's deficiency assessment represents insurance premiums for coverage that was never provided.

58. Recovery of this illusory loss by the USPS will provide the Postal Service with an inappropriate and inequitable windfall.

59. By conferring upon the USPS fees paid by CNT for nothing while the USPS fully appreciates and has knowledge of the benefit and accepts retention of the benefit under circumstances that are inequitable and without consideration for its value, USPS will be unjustly enriched.

WHEREFORE, Plaintiff CNT requests judgment against Defendant the USPS, enjoinment and reversal of the deficiency assessment, and an award of its reasonable attorneys' fees and costs incurred in this action.

Respectfully submitted,

*/s/ Harris K. Weiner*
Harris K. Weiner #551981
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
Office:  401-274-0300
Fax:  401-453-0073
hweiner@smsllaw.com

DATED:  February 8, 2018