# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COINS N' THINGS, INC.<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | Civil Action No. 18-10257-RWZ |

## ANSWER

The Defendant, United States Postal Service, answers the numbered paragraphs of the Plaintiff's Complaint as follows:

### INTRODUCTION

The allegations contained in the introductory paragraph of the Plaintiff's Complaint consist of Plaintiff's characterization of its action and conclusions of law to which no response is required. To the extent the introductory paragraph is deemed to set forth factual allegations requiring a response, such allegations are denied.

### PARTIES

1.    The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2.    The Defendant admits that 39 U.S.C. § 201 established the United States Postal Service as an independent establishment of the executive branch of the Government of the United States. The Defendant further admits that during the time period relevant to the Complaint, postal services were provided to the Plaintiff from the Bridgewater Post Office. The Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

## JURISDICTION

3. The allegations contained in the paragraph 3 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

## TRAVEL

4. The Defendant admits that a final agency decision was issued against the Plaintiff on July 27, 2015 in the amount of $225,826.20. Defendant admits that the final agency decision was rescinded after Plaintiff initiated Civil Action No. 1:15-cv-13377-MPK ("the first action"). The Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Admitted.

6. Denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. The Defendant admits that Plaintiff has exhausted its administrative remedies. The Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

## FACTS

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. Admitted.

13. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore they are denied.

14. The Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 14 of the Complaint, and therefore they are denied.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore they are denied.

16. The Defendant admits that it received Plaintiff's packages for mailing at the Bridgewater Post Office. The Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17. The Defendant admits that Plaintiff sent over 3,000 parcels with a declared value of $100 or $1,000 each during the relevant time period, and that Defendant's employees calculated the registered mail fees based upon the information provided by Plaintiff. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and therefore they are denied.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore they are denied.

19. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore they are denied.

20. Denied.

21. The Defendant admits that armed guards and on-site acceptance of mail was provided to Plaintiff because of the value of the items Plaintiff was shipping. The Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. The Defendant admits that its employees had discussions with Plaintiff about registered mail service. The Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23. The Defendant admits that it provided armed police escorts for Plaintiff's parcels

mailed with registered mail services. The Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. The Defendant admits a letter dated May 4, 2009 was sent to Plaintiff, and further states that the letter speaks for itself. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore they are denied.

30. Denied.

31. The Defendant admits a letter dated May 21, 2009 was sent to the Defendant from the Plaintiff, and further states that the letter speaks for itself. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint, and therefore they are denied.

32. The Defendant admits a letter dated July 28, 2009 was sent to the Defendant from the Plaintiff, and further states that the letter speaks for itself. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint, and therefore they are denied.

33. The Defendant admits a letter dated November 13, 2013 was sent to Plaintiff, and further states that the letter speaks for itself. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of

the Complaint, and therefore they are denied.

34. The Defendant admits a letter dated January 10, 2014 was sent to the Defendant from the Plaintiff, and further states that the letter speaks for itself. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint, and therefore they are denied.

35. The Defendant admits that by letter dated July 27, 2015, Plaintiff's appeal was denied, a final agency decision against the Plaintiff issued, and further states that the letter speaks for itself. The Defendant admits that the final agency decision was rescinded by letter dated October 15, 2015, and further states that the letter speaks for itself. The Defendant admits that on April 3, 2017, the Defendant requested additional documents from the Plaintiff. The Defendant further admits that on November 9, 2017, the deficiency issued on July 27, 2015, was reinstated and a final agency decision was issued. The Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

## COUNT I

### Equitable Estoppel

36. The Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 35 of the Complaint above, as though fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

The remainder of Count I of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

### Administrative Appeal

45. The Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 44 of the Complaint above, as though fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

The remainder of Count II of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

### Unjust Enrichment

52. The Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 51 of the Complaint above, as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

The remainder of Count III of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

## DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. To the extent the Plaintiff's Complaint is based on allegations that were not timely presented in the administrative process, any such claims should be dismissed. Similarly, to the extent that Plaintiff has not properly presented allegations to the agency, Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

3. This Court lacks subject matter jurisdiction over postal rate and regulation disputes which are to be reviewed only by the United States Court of Appeals for the District of Columbia. 39 U.S.C. §3663.

4. Plaintiff has failed to exhaust its administrative remedies over any claims premised upon Title 39 of the United States Code, as those claims must first be presented to the Postal Regulatory Commission. 39 U.S.C. § 3662.

5. The Defendant's Final Agency Decision is exempt from review under the Administrative Procedures Act. 39 U.S.C. §410(a).

6. The Plaintiff should not be awarded the relief sought in the Complaint insofar as it acted with "unclean hands."

7. The Defendant has, or may have, additional affirmative defenses that are not now known to the Defendant. Defendant specifically preserves those and other affirmative defenses as they are so ascertained.

WHEREFORE, the Defendant, United States Postal Service, respectfully requests that judgment be granted in its favor, and that the Court dismiss the Complaint, and grant further relief as the Court deems just and appropriate.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: May 15, 2018

By: */s/ Eve A. Piemonte*
Eve A. Piemonte (BBO #628883)
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369
Eve.Piemonte@usdoj.gov

Of Counsel:
SHOSHANA O. EPSTEIN
United States Postal Service
Office of the General Counsel
Appellate and Commercial Litigation
475 L'Enfant Plaza, SW
Washington, DC 20260-0001

**CERTIFICATE OF SERVICE**

      I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                       */s/ Eve A. Piemonte*
                                                       Eve A. Piemonte
Dated: May 15, 2018                                Assistant United States Attorney