UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Coins 'N Things, Inc., <br><br> Plaintiff, <br> v. <br><br> United States Postal Service, <br><br> Defendant. | Civil Action No.1:18-cv-10257-RWZ |

## **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Now comes the Plaintiff, Coins 'N Things, Inc. (hereinafter "CNT, Inc.") to answer the counterclaim of United States Postal Service.

1. The allegations contained in the introductory paragraph of Defendant's counterclaim consists of Defendant's characterization of its action and conclusions of law to which no response is required. To the extent that the introductory paragraph is deemed to set forth factual allegations requiring a response, such allegations are denied.

2. The allegations contained in Paragraph 2 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, the allegations regarding jurisdiction are denied.

3. CNT admits the allegation contained in Paragraph 3 of the Counterclaim.

4. CNT admits the allegation contained in Paragraph 4 of the Counterclaim.

5. CNT admits the allegations contained in Paragraph 5 of the Counterclaim.

6. The allegations contained in Paragraph 6 of the Counterclaim state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations contained in Paragraph 7 of the Counterclaim state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

8. Upon information and belief, CNT admits allegations contained in Paragraph 8 of the

Counterclaim.

9. CNT denies the allegations contained in Paragraph 9 of the Counterclaim.

10. CNT denies the allegations contained in Paragraph 10 of the Counterclaim.

11. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Counterclaim and therefore denies said allegations.

12. CNT denies the allegations contained in Paragraph 12 of the Counterclaim.

13. CNT admits the allegations contained in Paragraph 13 of the Counterclaim.

14. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Counterclaim and therefore denies said allegations.

15. CNT denies the allegations contained in Paragraph 15 of the Counterclaim.

16. CNT denies the allegations contained in Paragraph 16 of the Counterclaim.

17. CNT denies the allegations contained in Paragraph 17 of the Counterclaim.

18. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Counterclaim and therefore denies said allegations.

19. CNT admits the allegations contained in Paragraph 19 of the Counterclaim.

20. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Counterclaim and therefore denies same.

21. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Counterclaim and therefore denies same.

22. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Counterclaim and therefore denies same.

23. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Counterclaim and therefore denies same.

24. CNT denies the allegations contained in Paragraph 24 of the Counterclaim.

25. CNT denies the allegations contained in Paragraph 25 of the Counterclaim.

26. CNT admits that a meeting took place on or about March 16, 2009 between the Postal Service and CNT but denies the remaining allegations in Paragraph 16 of the Counterclaim.

27. Upon information and belief, CNT admits the allegations contained in Paragraph 27 of the Counterclaim.

28. CNT denies the allegations contained in Paragraph 28 of the Counterclaim.

29. CNT admits the allegations contained in Paragraph 29 of the Counterclaim.

29.[*sic*] CNT admits the allegations contained in misnumbered Paragraph 29 of the Counterclaim.

30. CNT admits the allegations contained in Paragraph 30 of the Counterclaim.

31. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of the Counterclaim and therefore denies same.

32. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of the Counterclaim and therefore denies same.

33. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33 of the Counterclaim and therefore denies same.

34. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 34 of the Counterclaim and therefore denies same.

35. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35 of the Counterclaim and therefore denies same.

36. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36 of the Counterclaim and therefore denies same.

37. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37 of the Counterclaim and therefore denies same.

38. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of

the Counterclaim and therefore denies same.

39. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of the Counterclaim and therefore denies same.

40. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Counterclaim and therefore denies same.

41. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Counterclaim and therefore denies same.

42. CNT admits the allegations contained in Paragraph 42 of the Counterclaim.

43. CNT admits the allegations contained in Paragraph 43 of the Counterclaim.

44. CNT admits the allegations contained in Paragraph 44 of the Counterclaim.

45. CNT denies the allegations contained in Paragraph 45 of the Counterclaim.

46. CNT denies the allegations contained in Paragraph 46 of the Counterclaim.

47. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 47 of the Counterclaim and therefore denies same.

48. CNT admits the allegations contained in Paragraph 48 of the Counterclaim.

49. CNT admits the allegations contained in Paragraph 49 of the Counterclaim.

50. CNT admits the allegations contained in Paragraph 50 of the Counterclaim.

51. CNT admits the allegations contained in Paragraph 51 of the Counterclaim.

52. CNT admits the allegations contained in Paragraph 52 of the Counterclaim.

53. CNT admits the allegations contained in Paragraph 53 of the Counterclaim.

54. CNT admits the allegations contained in Paragraph 54 of the Counterclaim.

55. CNT lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of the Counterclaim and therefore denies same.

56. The allegations contained in Paragraph 56 of the Counterclaim require no response.  To the

extent that a response may be required the allegations are denied.

57. The allegations contained in Paragraph 57 of the Counterclaim contain conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

58. CNT denies the allegations contained in Paragraph 58 of the Counterclaim.

59. CNT denies the allegations contained in Paragraph 59 of the Counterclaim.

60. CNT denies the allegations contained in Paragraph 60 of the Counterclaim.

61. CNT denies the allegations contained in Paragraph 61 of the Counterclaim.

62. The allegations contained in Paragraph 62 of the Counterclaim require no response. To the extent that a response may be required, the allegations are denied.

63. CNT denies the allegations contained in Paragraph 63 of the Counterclaim.

64. CNT denies the allegations contained in Paragraph 64 of the Counterclaim.

65. CNT denies the allegations contained in Paragraph 65 of the Counterclaim.

66. CNT denies the allegations contained in Paragraph 66 of the Counterclaim.

67. CNT denies the allegations contained in Paragraph 68 of the Counterclaim.

68. The allegations contained in Paragraph 68 of the Counterclaim require no response. To the extent that a response may be required, the allegations are denied.

69. CNT denies the allegations contained in Paragraph 69 of the Counterclaim.

70. CNT admits the allegations contained in Paragraph 70 of the Counterclaim.

71. CNT denies the allegations contained in Paragraph 71 of the Counterclaim.

WHEREFORE, the Plaintiff CNT demands that the Counterclaim be denied and dismissed and that it be awarded its interest, costs and attorneys' fees incurred in defending this Counterclaim.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Counterclaim fails based on laches.

THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails based on estoppel.

FOURTH AFFIRMATIVE DEFENSE

The Counterclaim fails based on waiver.

FIFTH AFFIRMATIVE DEFENSE

The Counterclaim fails based on unjust enrichment.

SIXTH AFFIRMATIVE DEFENSE

The Counterclaim fails for violation of the statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails based on the Counterclaimant's own negligence.

EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim fails based on misrepresentation.

NINTH AFFIRMATIVE DEFENSE

The Counterclaim fails for mutual mistake.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim fails for lack of damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails based on full payments made and accepted.

WHEREFORE, the Plaintiff CNT demands that the Counterclaim be denied and dismissed and that it be awarded its interest, costs and attorneys' fees incurred in defending this Counterclaim.

Plaintiff Coins 'N Things, Inc.

by its Attorney,

*/s/Harris K. Weiner*

Harris K. Weiner #551981
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
Office: 401-274-0300
Fax: 401-453-0073
hweiner@smsllaw.com

Dated: June 25, 2018

## CERTIFICATE OF SERVICE

I, Harris K. Weiner, hereby certify that the foregoing document, filed through the ECF System will be sent electronically to those indicated as registered participants on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those indicated as non-registered participants this 25th day of June 2018.

*/s/ Harris K. Weiner*

Eve A. Piemonte (BBO#628883)
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369
Eve.Piemonte@usdoj.gov