UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10257-RWZ

COINS N' THINGS, INC.

v.

UNITED STATES POSTAL SERVICE

ORDER

March 26, 2019

ZOBEL, S.D.J.

Coins N' Things, Inc. ("plaintiff"), has sued the United States Postal Service ("defendant" or "USPS") to set aside USPS's deficiency assessment against plaintiff for allegedly unpaid Registered Mail fees. Defendant has moved to dismiss Count I, a claim of equitable estoppel, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] Docket # 27.

I. **Factual Background**[2]

Plaintiff, a Massachusetts corporation, deals in precious metals. It regularly shipped its merchandise via USPS Registered Mail, at first from the Bridgewater, Massachusetts, Post Office and later from an "on-site satellite unit" that USPS established at plaintiff's facility. Docket # 1 at ¶ 2.

---

[1] At the June 13, 2018, scheduling conference, the court asked the parties to proceed with dispositive briefing on Count I. Although defendant also challenges Count III in its motion, the court confines its analysis and decision to Count I.

[2] The facts are derived from plaintiff's complaint and the exhibits thereto. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

The cost to ship Registered Mail correlates with the declared value of the item being shipped. Plaintiff alleges that USPS employees "at all levels ... consistently communicated" that the value required to be declared on packages was "based solely on the level of insurance coverage sought." Docket # 1 at ¶ 15. Accordingly, plaintiff, prior to 2008, routinely declared values of $100 or $1,000 when it shipped packages from the Bridgewater Post Office, even though the packages contained items worth significantly more. When plaintiff sought USPS insurance for the full value of a package, it declared the "higher actual value of the merchandise shipped" and paid a correspondingly higher rate. Docket # 1 at ¶ 19. Otherwise, plaintiff obtained insurance for its packages from a third party.

According to the complaint, USPS was fully aware of this practice as well as the fact that the contents of plaintiff's packages were actually "worth millions of dollars." Docket # 1 at ¶ 11-23. Indeed, it agreed to provide armed guards to secure the pickup and transport of packages from plaintiff's facility. During the negotiations over USPS's establishment of the on-site unit at plaintiff's place of business, USPS informed plaintiff that "declared values had to be at least" $1,000 (and later $3,000) for the arrangement to be profitable for USPS. Docket # 1 at ¶ 24, 26. On this basis and with this understanding regarding the rules for value declaration, plaintiff alleges that it agreed with USPS for on-site acceptance and use of USPS's services.

In March 2009, a Postal Inspector issued a subpoena to plaintiff for records from December 1, 2007, through present regarding, <u>inter alia</u>, plaintiff's mailings, purchase orders, and billing statements related to Registered Mailings. On May 4, 2009, the

2

USPS District Manager of the Southeast New England District sent plaintiff a letter to "stress the importance of declaring the actual value of the items being sent via Registered Mail." Docket # 1, Exhibit G. The letter directed plaintiff to the Postal Domestic Mail Manual, which states that a mailer must declare the full value of the contents being shipped, "regardless of any insurance that may cover the article." Docket # 1, Exhibit 6.

More than four years later, on November 13, 2013, the Postal Service's Pricing Classification Service Center ("PCSC") informed plaintiff of its determination that plaintiff had "not declar[ed] the actual value as required on the Registered Mail logs" and thus owed USPS a deficiency assessment of $225,826.20. Docket # 1, Exhibit K. This amount represented USPS's calculation of its lost revenue from plaintiff's undervaluing of its packages from December 1, 2007 to February 28, 2009.

On January 10, 2014, plaintiff properly appealed the deficiency assessment within USPS. Over a year and a half later, on July 27, 2015, USPS responded with an apology for its delay and a denial of plaintiff's appeal. USPS stated that "[a] mailer must comply with all applicable postal standards. Despite any statement in this document or by any USPS employee, the burden rests with the mailer to comply with the laws and standards governing domestic mail." Docket # 1, Exhibit A. This letter closed by stating: "This is a final agency decision and concludes the appeal process." Id.

Having exhausted its administrative remedies, plaintiff filed suit in the United States District Court for the District of Massachusetts to set aside the assessment. See Coins N' Things, Inc. V. United States Postal Serv., Case No. 15-cv-13377-MPK (D. Mass. 2015). But on October 15, 2015, USPS rescinded the assessment, which rendered plaintiff's action moot; wherefore, plaintiff dismissed its suit without prejudice.

More than two years passed and, on April 3, 2017, USPS contacted plaintiff to request additional documents and records to review before "issuing a final agency decision to the appeal." Docket # 1, Exhibit D.  Finally on November 9, 2017, USPS reinstated the original deficiency assessment of $225,826.20, declared again that its decision was a "final agency decision," and informed plaintiff that payment was due within 10 days.  Docket # 1, Exhibit E.  Plaintiff responded with the instant lawsuit. Count I asserts equitable estoppel, Count II is an appeal from the administrative decision of the PCSC, and Count III claims unjust enrichment.  USPS has counterclaimed for the deficiency plus interest under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 ("FDCPA") (Counterclaim I).  It also asserts unjust enrichment (Counterclaim II) and requests declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA") (Counterclaim III).

## II.     Motion to Dismiss for Lack of Jurisdiction

USPS moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Count I for lack of subject-matter jurisdiction.  Under 39 U.S.C. § 409(a), "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against

the Postal Service."[3]  USPS argues, however, that the Administrative Procedures Act ("APA") does not apply to USPS decisions and that non-statutory review of such decisions is limited to a determination as to whether USPS "exceeded its authority." Docket # 28 at 2; see also Mittleman v. Postal Regulatory Comm'n, 757 F.3d 300, 305 (D.C. Cir. 2014) (collecting cases for the proposition that USPS is exempt from review under the APA).  Because, according to USPS, plaintiff's complaint does not provide a basis for this court to conclude that USPS acted ultra vires in "resolving the underlying mail postage deficiency," USPS asserts that this court lacks jurisdiction to consider Count I.  Docket # 28 at 2.

As an initial matter, it is not clear that USPS's argument is properly labeled as jurisdictional.  Moreover, it fails to address the fact that plaintiff's equitable estoppel claim would properly be before the court as a defense to USPS's counterclaims, making USPS's "jurisdictional" argument even less persuasive.  See S. California Edison v. United States Postal Serv., 134 F. Supp. 3d 311, 319 (D.D.C. 2015) (USPS's counterclaim to collect revenue deficiency implicated "same underlying disagreement about [plaintiff's] liability to USPS" and thus thwarted USPS's jurisdictional argument). USPS's motion to dismiss Count I for lack of jurisdiction is therefore denied.

---

[3]  39 U.S.C. § 3663 excepts final orders of the Postal Regulatory Commission ("PRC") from the general rule of district court jurisdiction. Such orders must be reviewed by the D.C. Circuit.  Contrary to USPS's argument at the March 6, 2019, hearing, section 3663 is inapplicable here because plaintiff is not challenging an order of the PRC nor is it challenging the Commission's published rates or classifications. See Edison v. United States Postal Serv., No. CV 14-1041 (JEB), 2016 WL 183506, at *3 (D.D.C. Jan. 14, 2016) (explaining that the court "could not find a single case before the D.C. Circuit in which a mailer had appealed a revenue-deficiency assessment issued by the PCSC to the PRC, and then later to the Circuit.").

## III.     Motion to Dismiss for Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for failure to state a claim. To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52–53 (1st Cir. 2013).

USPS argues that Count I fails as a matter of law because plaintiff cannot meet the high burden of equitable estoppel against the government. The parties disagree as to the requisite standard for this claim. Traditionally, equitable estoppel against a private party requires that:

> (1) the party to be estopped made a "definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it"; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the "reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading."

Mimiya Hosp., Inc. SNF v. U.S. Dep't Of Health And Human Servs., 331 F.3d 178, 182 (1st Cir. 2003) (alterations in original) (citation omitted).

USPS argues that plaintiff must also establish a fifth element: that USPS engaged in affirmative misconduct. See Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007). Plaintiff suggests, however, that affirmative misconduct is not required when, as here, the government is acting in a commercial capacity. See Azar v. U.S. Postal Serv., 777 F.2d 1265, 1271 (7th Cir. 1985) (affirmative conduct not required when USPS acting as a competitive enterprise). In any event, even under the higher standard, USPS's motion to dismiss fails.

Specifically, plaintiff alleges that USPS employees engaged in a five-month negotiation with plaintiff, during which the parties determined that plaintiff would only declare nominal values. Plaintiff avers that USPS, in an effort to capture plaintiff's business, actively misled plaintiff into believing that such an agreement was permissible before eventually contradicting those representations and assessing a hefty deficiency. Such allegations, if true, support a plausible claim of affirmative misconduct by USPS employees. See Ramirez-Carlo, 496 F.3d at 49 ("there is no settled test for what constitutes 'affirmative misconduct,' [but] it requires more than simple negligence").

Moreover, the complaint sets forth sufficient factual matter as to the other elements of equitable estoppel. Plaintiff plausibly alleges that it reasonably relied on USPS's representations and did so to its detriment when it decided to use USPS services in lieu of those of other carriers and was later unexpectedly assessed a

$225,826.20 bill.[4]  Accordingly, USPS's motion to dismiss for failure to state a claim is denied.

**IV.    Conclusion**

For the forgoing reasons, defendant's motion (Docket # 27) is denied.

|  |  |
|---|---|
| \_\_\_\_\_March 26, 2019_____ | _____/s/Rya W. Zobel_____ |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |

---

[4] USPS argues that reliance on such representations, when in contravention of the written Postal Domestic Mail Manual, was unreasonable.  USPS relies on A.E. Alie & Sons, Inc. v. U.S. Postal Serv., 897 F.2d 591 (1st Cir. 1990), which involved a single alleged statement by a "low-level" postal clerk and was a summary judgment decision, thus making it distinguishable from the instant case.  The court is satisfied that plaintiff's allegations meet the plausibility standard at the pleading stage.